UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GOODWIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 4:19CV1893 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Petition for Writ of Error *Coram nobis* Based Upon Newly Discovered Evidence, [Doc. No. 1]. The Government opposes the Petition and seeks dismissal thereof. For the reasons set forth below, the Petition is denied, and this matter is dismissed.

**Basis for Petition**

Petitioner seeks to have his plea agreement found to be void because of a lack of specificity in the amount of drugs for which he was sentenced. He claims he was harmed because the Court refused to grant his motion for relief to reduce his sentence by 31 months when other federal inmates received the benefit of the crack reduction in their sentence. Petitioner argues that "newly discovered evidence" allows him to bring this action. According to Petitioner, the "newly discovered evidence" is found on Page 9 of the Government's Appeal Brief in

Petitioner's appeal of his criminal case wherein the Government, in its Summary of the Argument, states that ""[t]he defendant correctly states that there is a lack of specificity as to how the quantity was reached." However, the Government initially unequivocally states in the first sentence of its Summary that "no cocaine bases was considered in determining defendant Goodwin's sentence. There was no evidence that he was involved with cocaine base." The Government further stated that the formula Defendant proposed was "pure speculation. The defendant converts the quantities of cocaine base listed in the statement of facts and arrives at a figure within the 15 to 50 kilograms. No such conversion was ever made in determining Goodwin's guidelines." The basis for Petitioner's Petition fails.

## Discussion

A person who has been convicted of a federal crime and is no longer in federal custody may seek a writ of error *coram nobis* to set aside the conviction and sentence. *United States v. Morgan*, 346 U.S. 502, 505–06 (1954); *United States v. Little*, 608 F.2d 296, 299 (8th Cir. 1979). *Coram nobis* relief is "substantially equivalent" to post-conviction relief under 28 U.S.C. § 2255. *Id.* The main difference between the two remedies is that *coram nobis* relief is available when the defendant is no longer in custody, whereas custody is a prerequisite for § 2255 relief. *Id.*; *United States v. Camacho-Bordes*, 94 F.3d 1168, 1172 n.6 (8th Cir. 1996).

The Supreme Court has cautioned that a writ of *coram nobis* is an "extraordinary remedy" that should be allowed "only under circumstances compelling such action to achieve justice" and to correct errors "of the most fundamental character." *Morgan*, 346 U.S. at 511–12. "*Coram nobis* relief has been called the criminal-law equivalent of the Hail Mary pass in American football." *Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018) (citing *United States v. George*, 676 F.3d 249, 251 (1st Cir. 2012)). This is because "[t]he further a case progresses through the remedial steps available to a criminal defendant, the stiffer the requirements for vacating a final judgment.... The writ of error *coram nobis* lies at the far end of this continuum." *Id*. (quoting *George*, 676 F.3d at 258). Given that *coram nobis* relief is at the far end of the remedial spectrum and is subject to the stiffest requirements for vacating a judgment, the requirements for obtaining *coram nobis* relief cannot be less stringent than those required for § 2255 relief. *Id*. at 956.

In *Baranski*, the Eighth Circuit held that a petitioner whose § 2255 motion was denied while the petitioner was in custody does not need to comply with the "procedural" requirements of obtaining authorization from the court of appeals before submitting a *coram nobis* petition in the district court. *Baranski*, 880 F.3d at 955-56. Nevertheless, the *Baranski* Court further held that a petitioner whose § 2255 motion was denied while the petitioner was in custody is subject to the

3

"substantive" restrictions set forth in § 2255(h)(1) and (2) when seeking *coram nobis* relief. *Id.* at 956. The substantive restrictions set forth in § 2255(h)(1) and (2) apply in such situations, because "*coram nobis* is an extraordinary remedy available at the far end of a post-conviction continuum only for the most fundamental errors" and "it would make no sense to rule that a petitioner no longer in custody may obtain *coram nobis* relief with a less rigorous substantive showing than that required by AEDPA's limitations for successive habeas corpus and § 2255 relief." *Id.*

To obtain *coram nobis* relief, Petitioner must present "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also Baranski*, 880 F.3d at 957-58 (applying the substantive standard set forth in 28 U.S.C. § 2255(h) when reviewing the merits of a *coram nobis* petition filed by a petitioner whose § 2255 motion was denied while the petitioner was in custody).

Petitioner fails to establish that he is entitled to relief under the foregoing standard. Petitioner does not present newly discovered evidence that would support his claim. Instead, Petitioner argues that he is entitled to relief based on a

4

previously argued basis, one that has been considered and disallowed. His claim has been raised and addressed on numerous occasions before this Court and the Appellate Court.

> Goodwin has made repeated efforts to have his sentence reduced, by motions of various types filed in both the closed criminal case and the closed civil proceeding on his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. See Michael Goodwin v. United States, 4:02CV1709-DJS.
>
> A theme of sorts emerges from some of these filings, and the petition now before the Court, focusing on Count VII of the indictment and a discrepancy in its references to cocaine versus crack cocaine. Count I of the indictment makes reference to a controlled substance conspiracy involving "'crack' (cocaine base) **and/or** cocaine." See United States v. Goodwin, 4:01CR173-DJS, Indictment [Doc. #1], p.2 (emphasis added). As this Court has explained, in the order denying Goodwin's motion for resentencing based on the retroactive amendments to the Sentencing Guidelines for crack offenses, Goodwin was sentenced based on his stipulation and plea agreement that he was responsible for more than 15 and less than 50 kilograms of **cocaine**, resulting in a base offense level of 34. See United States v. Goodwin, 4:01CR173-DJS, Order of August 26, 2008 [Doc. #618], p.2, and Stipulation and Agreement Relative to Sentencing [Doc. #312], p.5.

*Goodwin v. United States*, 4:09CV83DJS (E.D Mo. February 12, 2009). Because Petitioner fails to establish that he is entitled to relief under the substantive standard set forth in § 2255(h)(1), Petitioner's *coram nobis* petition is without merit.

Accordingly,

5

**IT IS HEREBY ORDERED** that the petition for writ of error *coram nobis* is **DENIED**.

Dated this 16th day of February, 2021.

                                                                                  _____
                                                                                   HENRY EDWARD AUTREY
                                                                  UNITED STATES DISTRICT JUDGE